**STATE, Plaintiff-Appellee, v. WILSON, alias PRICE, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2197.   Decided December 15, 1952.

148

Mathias H. Heck, Pros. Atty., Fred M. Kerr, Herbert M. Jacobson, Asst. Pros. Attys., Dayton, for plaintiff-appellee.

Canny, Stewart & Cromer, Clarence J. Stewart, of Counsel, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Montgomery County, Ohio. The defendant was inindicted, tried, convicted and sentenced on the charge of "maliciously shooting at one J. Hugh Pendergrass with intent to wound."

The defendant admitted shooting at the said Pendergrass. Malice is presumed by an intentional act on the part of the defendant. The defendant's defense was one of "self defense." Self defense is an affirmative defense and the burden is on the defendant to support such defense by a preponderance of the evidence. The Court has examined very closely the entire record, which is considerable, to determine whether the evidence produced was sufficient to justify a conviction.

The only error assigned is that the verdict of the jury and the judgment of the court is against the manifest weight of the evidence. There was evidence introduced supporting the defendant's plea of self defense. It was within the province of the jury to believe this evidence and reject the evidence presented by the state. Likewise, there was evidence of a substantial and creditable character presented to prove all the elements of the crime charged and which. if believed by the jury, would have required the jury to reject the defendant's plea of self defense. The record shows that prior to the shooting. an argument followed by an encounter, took place between the parties in the presence of a number of persons in a small room in a rooming house. By applying the statement of law with respect to self defense to the issue presented here. the jury was required to determine whether the defendant in the careful and proper exercise of her faculties bona fide believed and had reason to believe that she was in imminent danger of death or great bodily harm, and that her only means of escape from such danger would be by committing the act for which she is charged, even though in fact she was mistaken as to the existence or the imminence of the danger. The court properly instructed the jury relative to the issues presented. The jury was the judge of the credibility of the witnesses and the weight to be attached to the testimony of each and every one. Apparently the jury believed the evidence presented by the state and rejected the evidence presented by

the defendant, which was within its province. Inasmuch as there is evidence in the case to justify the verdict of the jury, we cannot say as a reviewing Court that the verdict and judgment of the trial court is manifestly against the weight of the evidence. Judgment affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.